**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

MICHILIN PROSPERITY CO.,          )
                                  )
          Plaintiff,              )
                                  )
     v.                           ) Civil Action No. 04-1025 (RWR/JMF)
                                  )
FELLOWES MANUFACTURING CO.,       )
                                  )
          Defendant.              )
                                  )
_____     )

### AMENDED[1] MEMORANDUM OPINION AND ORDER

Plaintiff Michilin Prosperity Co. ("Michilin") filed a complaint alleging Fellowes Manufacturing Co. ("Fellowes") is infringing United States Patent No. 6,550,701 ("the '701 patent"), which claims a shredding machine capable of shredding both paper and digital media storage discs. Michilin has moved to correct the '701 patent arguing that the patent has a clear error in format. Fellowes has moved for summary judgment arguing that the all-limitations rule and disclosed-but-claimed rule prevent a finding of infringement as a matter of law; for leave to file a first amended answer in order to add a counter claim of inequitable conduct; and for sanctions arguing that Michilin's complaint is baseless.

_____

[1] This opinion reflects minor citation and punctuation revisions to the opinion issued on February 28, 2006.

- 2 -

Michilin's motion to correct the '701 patent will be denied because Michilin essentially asks this court to redraft its claims, a power beyond the scope of this court's authority. Fellowes's motion for summary judgment will be denied because Michilin's theory of infringement under the doctrine of equivalents does not vitiate a claim of the '701 patent and Michilin did not dedicate the one-switch embodiment of its invention to the public.  Fellowes's motion for leave to file an amended answer with counterclaims will be granted because it raises claims from conduct occurring after the inception of this suit and states a claim for which relief could be granted. Fellowes's motion for sanctions will be denied because Fellowes has not disproven that Michilin's pleadings are legally sufficient, grounded in fact, and made in good faith.

<u>BACKGROUND</u>

Michilin Prosperity Company, Ltd. ("Michilin"), a corporation organized under the laws of Taiwan, is the owner of the '701 patent.  The '701 patent claims the invention of a shredding machine capable of shredding both paper and digital media storage discs, more commonly known as CDs.  Fellowes, Inc., an Illinois corporation, is a distributor of the POWERSHRED PS70-2CD shredder.  The POWERSHRED PS70-2CD also has the capability to shred paper and digital media storage discs.  On June 22, 2004,

- 3 -

Michilin filed a complaint alleging that Fellowes's PS70-2CD model infringed the '701 patent.  In briefing, the parties have narrowed the focus of this infringement suit to whether the accused device infringes claim 1 or claim 4 of the '701 patent under the doctrine of equivalents.  (<u>See</u> Michilin's Concise Stmt. of Genuine Issues ¶¶ 1-12.)

The '701 patent claims as its invention "a dual-functional medium shredding machine structure, that not only serves as conventional paper shredding machines, but also allows shredding of the commonly known optical discs containing data or expired credit cards or membership cards through a disc inport or a card inport specifically for such media." '701 patent, col. 1:1-9. The '701 patent consists of only four claims.  Claim 1 is the sole independent claim and recites (i) a machine body, (ii) two inports (one to receive paper, the other discs), and (iii) a paper touch switch and a disc touch switch, which each activate the shredding function when something is inserted in its corresponding inport.  <u>Id.</u> at col. 4:52 - col. 5:9.  Claim 4 of the patent reads:

> 4.  The dual-functional medium shredding machine structure of claim 1, wherein the paper inport and the disc or card inport are both led to the roller blades, a single touch switch is provided between the roller blades such that regardless of the type of substance being fed by a user, the paper, disc, or credit cards can all touch the touch switch so as to activate the

- 4 -

> roller blades to perform shredding task while the
> scraps are all dispensed to an identical bin.

Notably, claim 4 refers to a "single touch switch" but is dependent on claim 1, which incorporates a paper touch switch and a disc touch switch.

The specification[2] of the '701 patent discloses both a two-switch embodiment and a single-switch embodiment of the claimed invention.  The description of the single-switch embodiment reads:

> Furthermore, in consideration of reduction of
> manufacturing cost and in response to the market
> demands, the number of touch switches in this invention
> may be reduced to one, and the switch plate as well as
> the accompanying driving mechanism may also be
> eliminated.  In other words, a single touch switch is
> provided at an appropriate location beneath the two
> inports and between the roller blades, such that
> regardless of the type of substance being fed by the
> user, the paper or disc can both touch the touch switch
> so as to activate the roller blades to perform
> shredding task while the scraps are dispensed to an
> identical bin.  As such, a simplified embodiment of
> this invention further reduces the number of components
> thereby reducing the manufacturing cost and enhancing
> competitiveness.

---

[2] A patent "claim" is the legal instrument that defines the invention of the patent holder and delineates the corresponding right of the patent holder to exclude others from making, using, selling, or offering to sell the invention.  35 U.S.C. § 112, ¶ 2.  A patent "specification" is the technical description of the invention that discloses how to make and use the claimed invention.  Id. § 112, ¶ 1.  In effect, in exchange for the legal rights in the patent claims, the patent holder must disclose her invention in the specification.

- 5 -

Id. at col. 4:30-44.

Fellowes's accused PS70-2CD model, like the '701 patent, consists of two inports for paper and disc shredding respectively.  (Fellowes's Mem. in Supp. Summ. J. of Non-Infringement ("Fellowes's Mem. Non-Infringement") at 9-10; Michilin's Mem. in Opp'n to Fellowes's Mem. in Supp. Summ. J. of Non-Infringement ("Michilin's Opp'n Non-Infringement") at 3-4.)  However, the PS70-2CD uses only one optical sensor to activate the shredding function.  (Id.)

## DISCUSSION

I.   MICHILIN'S MOTION TO CORRECT THE '701 PATENT

District courts have a limited power to correct a patent containing an error, and any correction made will be effective as if it had originally been included in the patent.  See I.T.S. Rubber Co. v. Essex Rubber Co., 272 U.S. 429, 441-42 (1926).  The power to correct a patent may be exercised only "if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims."  Novo Indus. v. Micro Molds Corp., 350 F.3d 1348, 1354 (Fed. Cir. 2002).  Courts have exercised this power to correct only "clerical," "typographical" and "obvious

- 6 -

administrative" errors in patents.  I.T.S Rubber, 272 U.S. at

442; Hoffer v. Microsoft Corp., 405 F.3d 1326, 1331 (Fed. Cir.

2005) (en banc); Advanced Medical Optics, Inc. v. Alcon, Inc.,

361 F. Supp. 2d 370, 384 (D. De. 2005).  Importantly, "courts may

not redraft claims, whether to make them operable or sustain

their validity."  Chef America, Inc. v. Lamb-Weston, Inc., 358

F.3d 1371, 1374 (Fed. Cir. 2004).

     According to Michilin, claim 4 of the '701 patent has an

"error in format."  (Michilin's Mem. in Supp. of Mot. to Correct

("Michilin's Mem. Correct") at 4.)  Michilin contends that claim

4 is directed at a one-switch/one-bin embodiment of the claimed

shredding machine.  However, as written, claim 4 is dependent on

claim 1, which recites a paper touch switch and a disc touch

switch.  Because a dependent claim incorporates all of the

elements of the independent claim on which it depends, see 35

U.S.C. § 112 ¶ 4, claim 4 appears to recite a total of three

switches.  But, Michilin argues, the "single touch switch"

referred to in claim 4 is unambiguous, clearly refers to the one-

switch/one-bin embodiment disclosed in the specification, and

should have been recognized as an independent claim because no

three-switch embodiment is disclosed.  Michilin further asserts

that the patent examiner failed to follow the Manual of Patent

- 7 -

Examining Procedure and committed a "fundamental error" in not requiring claim 4 to be redrafted in independent format to properly claim the disclosed one-switch/one-bin embodiment.  In light of this, Michilin urges this court to rewrite claim 4 as an independent claim.

Michilin proposes the claim be rewritten as follows, with new or changed text underlined:

> 4. <u>A</u> dual-functional medium shredding machine structure,
> <u>that allows shredding of paper, optical discs, and credit cards, characterized in comprising:</u>
>
> <u>a machine body being provided with a power switch on a surface thereof and roller blades therein, the roller blades being driven by a gearbox;</u>
>
> <u>two inports on an upper lid thereof, the inports including a paper inport with an opening of a larger dimension and inclined, curved channel walls, and a disc inport with an opening of a smaller dimension and vertical channel walls, the inports being each led to the shredding roller blades such that, regardless of the type of substance being fed by a user, the paper or the disc can all be shredded by the shredding roller blades through the intermeshing of roller blades; and</u>
>
> a single touch switch is provided between the roller blades such that regardless of the type of substance being fed by a user, the paper, disc, or credit cards can all touch the touch switch so as to activate the roller blades to perform shredding task while the scraps are all dispensed to an identical bin.

(Michilin's Mem. Correct at 7-8.)

The change in claim format requested by Michilin is beyond the power of this court under <u>I.T.S. Rubber</u> and <u>Novo Industries</u>.

- 8 -

The Federal Circuit has previously acknowledged the power of a court to correct a patent to fix an error in claim dependency in a case that involved an "obvious administrative error" by the PTO and not a drafting error by the patent applicant. Hoffer, 405 F.3d at 1331. In Hoffer, a district court refused to correct a dependency reference in dependent claim 22 of a patent to a non-existent, independent claim 38. Id. The patent as initially submitted had contained independent claim 38 with a dependent claim 39. Id. During prosecution, both claims 38 and 39 were allowed but were renumbered because earlier enumerated claims were disallowed. Id. However, the patent examiner failed to make the corresponding change to the text of then-dependent claim 22. Id. The district court ruled that it could not correct the error, but the Federal Circuit disagreed because "the error was apparent from the face of the patent, and [the fact that it was an error was] not contradicted by the prosecution history." Id.

Michilin, unlike the plaintiff in Hoffer, does not ask this court to remedy an obvious administrative error on the part of the PTO. Rather, Michilin requests that this court correct a drafting error by the patent applicant. Notwithstanding the alleged failure of the examiner to follow PTO procedures, courts are simply not at liberty to redraft claims. Chef America, 358 F.3d at 1374. Further, in Hoffer, evidence indicated the

examiner intended to allow the claims in their corrected form, but inadvertently failed to do so.  Here, there is simply no evidence that the patent examiner believed that he was issuing a patent that included a one-switch/one-bin embodiment.  In fact, the only evidence points in the opposite direction.  The examiner who allowed the '701 patent, in the Notice of Allowability, said:

> The art of record, considered alone or in combination, neither anticipates nor renders obvious a dual functional medium shredding machine for shredding paper, optical discs, and credit cards comprising a paper touch switch and a disc touch switch to activate roller blades to perform an intermeshing and shredding task in combination with the rest of the claimed limitations.

(Fellowes's Mot. for Summ. J. of Non-Infringement, Ex. 3b, Notice of Allowability at 2.)  Moreover, granting Michilin's motion to correct would disserve the notice function served by patents.  The Federal Circuit has circumscribed narrowly the power of district courts to correct patents because competitors and the public rely on these instruments in shaping their behavior.  Allowing courts to make broad, retroactive changes to patents post-issuance would place too high a burden on competitors and the public to divine the actual claims covered by ill-drafted patents.  Therefore, Michilin's motion to correct the '701 patent will be denied.

II.  FELLOWES'S MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, the court must view all facts in the light most favorable to the non-moving party.  R. v. District of Columbia, 370 F. Supp. 2d 267, 270 (D.D.C. 2005); Price v. Greenspan, 374 F. Supp. 2d 177, 180 (D.D.C. 2005) ("The Court is precluded from weighing evidence or finding disputed facts and must draw all inferences and resolve all doubts in favor of the non-moving party.").

Under the doctrine of equivalents, an accused device "that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused [device] and the claimed elements of the patented invention."  Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 21 (1997).  "The determination of infringement, whether literal or under the doctrine of equivalents, is a question of fact."  Gart v. Logitech, Inc., 254 F.3d 1334, 1339 (Fed. Cir. 2001).  "Summary judgment on the issue of infringement is proper when no

- 11 -

reasonable jury could find that every limitation recited in a
properly construed claim either is or is not found in the accused
device either literally or under the doctrine of equivalents."
PC Connector Solutions LLC v. SmartDisk Corp., 406 F.3d 1359,
1364 (Fed. Cir. 2005).

The summary judgment analysis required by this case is
informed by two rules of patent law: the all-limitations rule and
the disclosed-but-not-claimed rule.  The overarching purpose of
the all-limitations rule is to prevent the practice of comparing
the patented invention as a whole to the accused device.  Warner-
Jenkinson Co., 520 U.S. at 29.  Under this rule, "[i]f a theory
of equivalence would vitiate a claim limitation . . . then there
can be no infringement under the doctrine of equivalents as a
matter of law."  Tronzo v. Biomet, Inc., 156 F.3d 1154, 1160
(Fed. Cir. 1998).  In other words, for an alleged equivalent to
infringe, it cannot omit an element of the patented invention.
However, "[w]hile a claim limitation cannot be totally missing
from an accused device, whether or not a limitation is deemed to
be vitiated must take into account that . . . when separate claim
limitations are combined into a single element of the accused
device, a claim limitation is not necessarily vitiated, and the
doctrine of equivalents may still apply if the differences are
insubstantial."  Eagle Comtronics, Inc. v. Arrow Communications

Labs., Inc., 305 F.3d 1303, 1317 (Fed. Cir. 2002).  Professor

Donald Chisum has explained that "[i]f the [all-limitations] rule

is applied strictly as an analytic tool rather than as a general

direction, it will not operate as an effective and fair means for

limiting the doctrine of equivalents and increasing certainty."

Donald S. Chisum, The Scope of Protection For Patents After the

Supreme Court's Warner-Jenkinson Decision: The Fair Protection –

Certainty Conundrum, 20 Santa Clara Computer & High Tech. L.J.

13, 43 (2003).  Under the disclosed-but-not-claimed rule, "when a

patent drafter discloses [in the specification] but declines to

claim subject matter . . . this action dedicates that unclaimed

subject matter to the public," and the subject matter cannot be

found to be an infringing equivalent as a matter of law.  Johnson

& Johnston Assocs. Inc. v. R.E. Service Co., 285 F.3d 1046, 1054-

55 (Fed. Cir. 2002).

Michilin alleges infringement under only the doctrine of

equivalents.  (Michilin's Opp'n Non-Infringement at 8.)  Fellowes

counters that its accused device cannot infringe the '701 patent

because not all of the claim limitations are present in the

accused device.  Specifically, Fellowes argues that its accused

device has only a single optical switch, while the '701 patent

delimits separately both a touch switch for the paper inport and

a touch switch for the disc inport of the claimed shredding

- 13 -

machine.  In short, Fellowes asserts that "[o]ne plus one is not

one.  It is two - even in the patent world."  (Fellowes's Mem.

Non-Infringement at 17.)  Fellowes further contends that Michilin

has dedicated the one-switch embodiment of the invention to the

public.  (Id. 16-18.)  Both of Fellowes's arguments fail.

    A.  The all-limitations rule

The only claim limitations at issue for Fellowes's argument

under the all-limitations rule regard the touch switches of the

'701 patent.  While it is undisputed that the accused device has

one touch switch and claim 1 of the '701 patent delimits both a

paper inport switch and a disc inport switch, it does not

necessarily follow that a claim of the patent has been vitiated.

Fellowes's observation that one plus one does not equal one is

seductive in its simplicity, but is not consistent with Federal

Circuit application of the all-limitations rule.  A one-to-one

correspondence between claim limitations in a patent and elements

in an accused device is not required in order to find

infringement.  Eagle Comtronics, Inc., 305 F.3d at 1317.  See

generally Chisum, supra, at 42-45 (discussing the all-limitations

rule).  In Eagle Comtronics, the plaintiff sued for infringement

under the doctrine of equivalents of a cable filter structure

that provided a sealed collet assembly to prevent moisture or

other contaminants from entering the filter.  305 F.3d at 1307.

- 14 -

The claims at issue regarded the collet assembly and specifically delimited a front cap, a rear insert body, and a seal located between the front cap and rear insert body for the collet assembly.  Id. at 1317.  The accused devices, however, used a one-piece or integrated collet assembly that did not have a front cap and a rear insert body.  Id. at 1310.  The Federal Circuit summarized the issue in the case as "whether [the accused] one-piece collet assembly with a seal located along its periphery can be insubstantially different from a collet assembly comprised of a front cap, a rear insert body, and a seal located between the two, without violating the all-limitations rule."  Id. at 1317.  The Federal Circuit held that the "all-limitations rule [did] not prevent a finding of infringement under the doctrine of equivalents."  Id.

    In this case, like in Eagle Comtronics, the all-limitations rule does not prevent a finding of infringement under the doctrine of equivalents.  While there is not a one-to-one correspondence between the claim limitations of the patent and the elements of the accused device, a reasonable jury still might find that the optical switch of the accused device is equivalent to the paper inport touch switch and equivalent to the disc inport touch switch of the '701 patent.  In other words, a reasonable factfinder could see the single optical switch as an

integration of the paper and disc touch switches.  Importantly,
such a conclusion would not amount to comparing the patented
invention as a whole to the accused device, which is the practice
the all-limitation rule was intended to forbid.  Warner-Jenkinson
Co., 520 U.S. at 29.  Therefore, summary judgment of non-
infringement under the all-limitations rule is unwarranted.

    B.   The "disclosed but not claimed" rule

    In arguing that Michilin has dedicated the one-switch
embodiment of its invention to the public, Fellowes cites Johnson
& Johnston Assocs., 285 F.3d at 1046, 1049, in which a patent for
an assembly used to create circuit boards claimed the use of an
aluminum substrate to prevent damaging during the layering
process the fragile copper foil used in the circuit boards.  The
patent disclosed in the specification that steel or other nickel
alloys could be used as the substrate, but the patent did not
claim these other metals.  Id. at 1050.  When a competitor began
using the invention with a steel substrate, the patent holder
sued for infringement under the doctrine of equivalents.  Id.
The Federal Circuit held that "when a patent drafter discloses
but declines to claim subject matter . . . this action dedicates
that unclaimed subject matter to the public."  Id. at 1054.  In
crafting this rule, however, the Federal Circuit was careful to
distinguish Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339

- 16 -

U.S. 605, 612 (1950), in which the Supreme Court affirmed a
finding of infringement under the doctrine of equivalents of a
patent on a welding composition.  The accused welding composition
used manganese silicate, a metal the patent in Graver Tank
disclosed, but did not claim.  Id. at 610.  The Federal Circuit
noted that in Graver Tank, a previous claim encompassing
manganese silicate had been made but was rejected as too broad.
Therefore, the Federal Circuit concluded that "[i]n fact, the
patentee had claimed the 'equivalent' subject matter, even if the
Court eventually held the relevant claims too broad."  Johnson &
Johnston Assocs., 285 F.3d at 1053.

    This case is closer to Graver Tank than to Johnson &
Johnston Assocs.  Like the plaintiffs in Graver Tank, Michilin
sought to claim the alleged equivalent subject matter, a one-
switch embodiment of its shredding machine, in claim 4 of the
'701 patent.  In Johnson & Johnston Assocs., no claim in the
patent at issue there ever claimed or attempted to claim the
equivalent subject matter.  Consequently, Michilin has not
dedicated the one-switch embodiment to the public,
notwithstanding the fact that, like the claims in Graver Tank,
the claim might ultimately be found invalid.  Therefore, summary
judgment of non-infringement is unwarranted under the disclosed-
but-not-claimed rule.

- 17 -

III. FELLOWES'S MOTION TO AMEND ANSWER AND COUNTERCLAIMS

Federal Rule of Civil Procedure 15(d) allows a court, "upon reasonable notice and upon such terms as are just, to permit a party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). It is an abuse of discretion to deny leave to amend a pleading unless there is sufficient reason, such as undue delay, bad faith or dilatory motive on the part of the movant or undue prejudice to the opposing party. Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Courts may deny a motion for leave to amend a pleading as "futile, . . . if the proposed claim would not survive a motion to dismiss." James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996). A motion to dismiss must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Fellowes filed a motion for leave to amend its answer and counterclaims to include an allegation of inequitable conduct against Michilin. (Fellowes's Mot. for Leave to Amend at 1.) Specifically, Fellowes argues that Michilin violated the duty of

- 18 -

candor to the PTO by asserting, while pursuing a certificate of

correction, that the PTO created the error in the '701 patent

when it was Michilin that in fact created the error. (Fellowes's

Mem. in Supp. of Mot. for Leave to Amend at 4-7.) Michilin

opposes, arguing that the duty of candor owed to the PTO does not

extend to a request for a certificate of correction. (Michilin's

Mem. in Opp'n to Mot. for Leave to Amend at 7-9.) Michilin cites

no authority to support its position; rather, it points to the

absence of case law holding that a duty of candor applies to a

request for a Certificate of Correction.

Patent applicants have a broad duty to be candid with the

PTO.

> Each individual associated with the filing and
> prosecution of a patent application has a duty of
> candor and good faith in dealing with the [PTO], which
> includes a duty to disclose to the [PTO] all
> information known to that individual to be material to
> patentability as defined in this section. The duty to
> disclose information exists with respect to each
> pending claim until the claim is canceled or withdrawn
> from consideration, or the application becomes
> abandoned.

37 C.F.R. § 1.56 (establishing duty of candor to PTO). No

language in the regulation suggests any intention that the duty

of candor not apply to requests for certificates of correction.

Moreover, Michilin has not canceled, withdrawn or abandoned its

claims. For those reasons, Fellowes's allegations of inequitable

Case 1:04-cv-01025-RWR   Document 50   Filed 03/07/06   Page 19 of 21

- 19 -

conduct by Michilin would survive a motion to dismiss and it would be inappropriate to deny Fellowes leave to raise the claim. Therefore, Fellowes's motion for leave to amend its answer and counterclaims will be granted.

IV.  FELLOWES'S MOTION FOR SANCTIONS

Under Federal Rule of Civil Procedure 11, sanctions may be imposed if a reasonable inquiry discloses that the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay. Westmoreland v. CBS, Inc., 770 F.2d 1168, 1174 (D.C. Cir. 1985). District courts are given great latitude in determining whether motions are not grounded in fact or have been made for improper purposes.  Id.

Fellowes seeks sanctions claiming Michilin did not have an objectively reasonable basis to conclude the accused device infringed the '701 patent.  However, Fellowes has failed to establish that Michilin's claims were not made in good faith, well grounded in fact, or warranted by at least a good faith argument for the extension or modification of existing law. Fellowes's motion for sanctions will be denied.

- 20 -

CONCLUSION AND ORDER

Because Michilin's suggested correction to the '701 patent is beyond the scope of this court's authority, Michilin's motion to correct will be denied.  Because Michilin's theory of infringement under the doctrine of equivalents does not vitiate a claim of the '701 patent and because Michilin did not dedicate the one-switch embodiment of its invention to the public, Fellowes's motion for summary judgment will be denied.  Because Fellowes's amended answer with counterclaims raises claims from conduct occurring after the inception of this suit and states a claim for which relief could be granted, Fellowes's motion for leave to file an amended answer with counterclaims will be granted.  Because Fellowes has not shown that Michilin's pleadings are not legally sufficient, grounded in fact, and made in good faith, defendant's motion for sanctions will be denied. Accordingly, it is hereby

ORDERED that Michilin's motion [24] to correct the '701 patent be, and hereby is, DENIED.  It is further

ORDERED that Fellowes's motion [15] for summary judgment of non-infringement be, and hereby is, DENIED.  It is further

ORDERED that Fellowes's motion [38] for leave to file a first amended answer and counterclaims be, and hereby is, GRANTED.  It is further

- 21 -

ORDERED that Fellowes's motion [13] for sanctions be, and hereby is, DENIED.  It is further

ORDERED that Michilin's motions for leave to file [43] and for a hearing on the motions [20], and Fellowes's motions [35, 37] for leave to file be, and hereby are, DENIED as moot.  It is further

ORDERED that Michilin's motion [42] for discovery to be opened be, and hereby is, GRANTED in part.  A supplemental scheduling conference will be held on March 29, 2006 at 3:30 p.m. to fix the schedule on which this case shall proceed. The parties shall file by March 22, 2006 a joint status report reflecting any modifications they wish to make in the proposed scheduling order they filed under Local Civil Rule 16.3 on September 22, 2004.

SIGNED this 7th day of March, 2006.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge