```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
_____
                            )
MICHILIN PROSPERITY CO.,    )
                            )
        Plaintiff,          )
                            )
        v.                  )  Civil Action No. 04-1025 (RWR)(JMF)
                            )
FELLOWES MANUFACTURING CO., )
                            )
        Defendant.          )
                            )
_____)
```

## MEMORANDUM OPINION AND ORDER

Fellowes moves for reconsideration of the Memorandum Opinion and Order[1] which denied Fellowes's motion for summary judgment of non-infringement of United States Patent No. 6,550,701 ("the '701 patent"), and seeks summary judgment of literal non-infringement and non-infringement under the doctrine of equivalents. In the alternative, Fellowes requests certification of the question of non-infringement to the Federal Circuit. Michilin opposes the motion. Because no disputed material facts exist concerning differing activations of the patented and accused devices, and Michilin offers no competing interpretation of the '701 patent claims, Fellowes's motion for summary judgment of literal non-infringement will be granted. Because Fellowes has not shown

---

[1] The Opinion was issued on February 28, 2006 and amended on March 7, 2006. It will be referred to as the "March 7 Opinion."

that the all-limitations rule prevents a finding of infringement under the doctrine of equivalents, the denial of Fellowes's motion for summary judgment of non-infringement based on the doctrine of equivalents will stand. Because the parties agree that if certification were to be appropriate it would best be pursued after a hearing is conducted under <u>Markman v. Westview Instruments, Inc.</u>, 517 U.S. 370 (1996), a ruling on Fellowes's request to certify questions to the Federal Circuit will be deferred until after the scheduled <u>Markman</u> hearing.

BACKGROUND

The facts of this case are recited more fully in the March 7 Opinion. In short, the '701 patent claims as its invention a shredder with inports for paper and media storage discs and a paper touch switch and a disc touch switch to activate the shredding function. Fellowes's POWERSHRED PS70-2CD has inports for paper and media storage discs and a single optical switch to activate the shredding function. Michilin alleges that the POWERSHRED PS70-2CD shredder infringes the '701 patent under the doctrine of equivalents. Fellowes moved for summary judgment of literal non-infringement and non-infringement under the doctrine of equivalents based on the all-limitations rule and the disclosed-but-not-claimed rule. Michilin filed an opposition asserting material facts in dispute regarding infringement under

- 3 -

the doctrine of equivalents.  The March 7 Opinion ruled that Fellowes had not shown that summary judgment of non-infringement was warranted under the doctrine of equivalents based on either the all-limitations rule or the disclosed-but-not-claimed rule.

Fellowes now seeks reconsideration of the March 7 Opinion. Fellowes requests that summary judgment of literal non-infringement be granted as unopposed by Michilin.  Fellowes also requests that the court reconsider the March 7 Opinion's analysis of the all-limitations rule, which relies on <u>Eagle Comtronics, Inc. v. Arrow Communication Lababoratories, Inc.</u>, 305 F.3d 1303 (Fed. Cir. 2002), and that summary judgment of non-infringement under the doctrine of equivalents be granted.  Fellowes cites primarily two cases as more analogous to the present case in support of its request: <u>Dolly, Inc. v. Spalding & Evenflo Cos., Inc.</u>, 16 F.3d 394 (Fed. Cir. 1994) and <u>Vehicular Technologies Corp. v. Titan Wheel International, Inc.</u>, 212 F.3d 1377 (Fed. Cir. 2000).  Absent a grant of summary judgment of non-infringement, Fellowes requests in the alternative that questions of non-infringement based on the all-limitations rule and disclosed-but-not-claimed rule be certified to the Federal Circuit.

DISCUSSION

I.  LITERAL INFRINGEMENT

The claims of the '701 patent recite touch switches, and the specification indicates that the touch switches require any inserted material to actually touch the touch switch in order to activate the shredding.  See '701 patent, col. 3:42-49; 4:52 - 6:15.  Fellowes's accused device, on the other hand, employs an optical switch, which requires no touching of the switch and activates the shredding by detecting an interruption of a light beam being transmitted from the transmitter to the receiver.  (See Fellowes's Mem. in Supp. of Mot. for Summ. J. of Non-infringement at 15-16.)

Fellowes sought summary judgment of literal non-infringement of the '701 patent.  (Fellowes's Mem. in Supp. Mot. to Reconsider ("Fellowes's Reconsider Mem.") at 3-4; Fellowes's Mem. in Supp. of Mot. for Summ. J. of Non-infringement at 15-19.)  While Michilin's complaint does not allege specific theories of infringement (see Compl. ¶ 18 ("Fellowes has manufactured, sold, offered to sell and used and continues to manufacture, sell, offer to sell and use a shredder embodying the invention claimed in at least claims 1, 3 and 4 of the '701 patent.")), Michilin's opposition to Fellowes's summary judgment motion advanced Michilin's claim of infringement under only the doctrine of

- 5 -

equivalents.  (See Michilin's Opp'n to Fellowes's Mot. for Summ. J. of Non-infringement at 8 ("Michilin asserts infringement under the doctrine of equivalents . . . .").)  Michilin's opposition did not dispute that the switch on the accused device was optical rather than touch.  In addition,  Michilin failed to refute in its opposition to Fellowes's motion to reconsider Fellowes's claimed entitlement to summary judgment on literal non-infringement.  (See Fellowes's Reply in Supp. of Mot. to Reconsider at 2.)  At the March 29, 2006 hearing, Michilin refused to concede the motion to reconsider, but made little, if any, effort to advance disputed material facts that would preclude summary judgment on literal non-infringement.

"For literal infringement, each limitation of the claim must be met by the accused device exactly, any deviation from the claim precluding a finding of infringement."  Lantech, Inc. v. Keip Mach. Co., 32 F.3d 542, 547 (Fed. Cir. 1994).  With no material facts in dispute about the literal difference in switch types and activations, and because Michilin offers no other interpretation of the claims of the '701 patent, Fellowes's motion for summary judgment of literal non-infringement will be granted.

- 6 -

## II. INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

### A. Eagle Comtronics

Fellowes contends that the March 7 Opinion's reliance on Eagle Comtronics is misplaced because that case stands for only "the limited proposition that a claim having two separate and distinct elements can be infringed by a device that has two claimed features distinguishably joined together into a single integral component, but are nevertheless still separately identifiable." (Fellowes's Reconsider Mem. at 4.) Because Fellowes's accused device does not join two switches in a single housing, but rather has only a single switch, Fellowes argues that Eagle Comtronics is inapplicable. (Id. at 10-11.) The Federal Circuit summarized the issue in the case as "whether [the accused] one-piece collet assembly with a seal located along its periphery can be insubstantially different from a collet assembly comprised of a front cap, a rear insert body, and a seal located between the two, without violating the all-limitations rule." Eagle Comtronics, 305 F.3d at 1317.

In explaining its holding, the Eagle Comtronics court stated that "when separate claim limitations are combined into a single element of the accused device, a claim limitation is not necessarily vitiated, and the doctrine of equivalents may still apply if the differences are insubstantial." Id. The Federal

- 7 -

Circuit emphasized that whether the "one-piece collet assembly is insubstantially different from the claimed collet assembly is a question of fact, the resolution of which requires a traditional infringement analysis."[2]  Id.  Eagles Comtronics does not limit its application to only accused devices that incorporate two claimed features distinguishably joined together into a single integral component, but are nevertheless still separately identifiable.  Fellowes's suggested interpretation of Eagle Comtronics does not demonstrate that reconsideration of the March 7 Opinion is warranted.

    B.   Dolly and other Federal Circuit precedent

Fellowes contends that Dolly, not Eagle Comtronics, should control this case and that Dolly compels a finding of non-infringement under the doctrine of equivalents based on the all-limitations rule.  (Fellowes's Reconsider Mem. at 11-13.)  In Dolly, the patentee claimed:

    16.  A portable adjustable child's chair, comprising:
    (a) a contoured seat panel;
    (b) a contoured back panel;

---

[2] Notably, the district court in Eagle Comtronics did not construe the claim language in accord with Markman before it granted summary judgment of non-infringement.  The Federal Circuit reversed and remanded the case to the district court with instruction to resolve the disputed factual issues.  A Markman hearing to construe the claims of the '701 patent is scheduled for July 26, 2006.

>    (c) two side panels having on their inner surfaces
>    facing each other a plurality of generally horizontal
>    grooves or channels to slidably receive said seat panel
>    whereby said seat panel may be raised or lowered; and
>    (d) a stable rigid frame which is <u>formed in part</u> from
>    said side panels and which along with said seat panel
>    and said back panel provides a body supporting feature,
>    <u>said stable rigid frame being self-supporting and free-
>    standing</u>, whereby said child's chair is readily
>    portable and easily stored.
>
>    17.  The portable adjustable child's chair of claim 16
>    further comprising:  a serving tray; and means for
>    removably attaching said tray to said child's chair.
>
>    . . . .
>
>    19.  The portable adjustable child's chair of claim 17
>    further comprising means for retaining the occupant in
>    said child's chair and means for securely attaching
>    said child's chair to an existing chair or other
>    support.

<u>Dolly</u>, 16 F.3d at 396 (emphasis added).  The accused device consisted of four interlocking panels, a tray, two sets of straps, but no separate stable rigid frame.  <u>Id.</u> at 396-97.  Even though the accused device lacked a separate stable rigid frame, the district court held that the accused device infringed the patent under the doctrine of equivalents because once the accused device was assembled it formed a stable frame out of the interlocking panels.  <u>Id.</u> at 397.  The Federal Circuit reversed and held that the accused device did not infringe the patent under the all-limitations rule because "claim 16 specifically requires a stable rigid frame formed of components other than the

seat and back panels.  Such a stable rigid frame does not exist in the accused device." Id. at 399.  The court emphasized that it could not "convert a multi-limitation claim to one of [fewer] limitations to support a finding of equivalency." Id. (internal quotation marks omitted).

Fellowes argues that, like the claimed stable rigid frame in Dolly, the second switch of Michilin's patent is missing from Fellowes's accused device.  Fellowes further asserts that, similar to the accused device in Dolly that created a stable rigid frame when assembled, Fellowes's single-switch shredder cannot infringe Michilin's paper-and-disc-touch shredder because a claim limitation is missing, notwithstanding the fact that Fellowes's single switch may accomplish the same function as Michilin's paper and disc switches.  However, in Dolly the patent's claim language specifically called for the stable rigid frame to be separate and distinct from other elements of the invention.  Claim 16(d) called for the stable rigid frame in Dolly to be "formed in part" from the side panels and to be "self-supporting and free-standing."  The Dolly court specifically cited the claim language. Id. at 399.  Essentially, the claim language of the patent in Dolly explicitly excluded the embodiment of the accused device from the scope of the claims.  Here, no similarly explicit language in the '701 patent requires

the paper touch switch to be separate and distinct from the disc touch switch. Nor does the reference by the claim language of the '701 patent to the paper touch switch and the disc touch switch in the plural, as "touch switches," necessarily imply that the limitations must be physically separate and distinct. Fellowes is left, then, arguing that under the all-limitations rule an accused device cannot be found to infringe a patent where the accused device combines into a single element two limitations of the patent. However, even Dolly notes that "[e]quivalency can . . . exist when separate claim limitations are combined into a single component of the accused device." Id. at 398. To the extent that Dolly is instructive here, it counsels against a finding of non-infringement under the doctrine of equivalents based on the all-limitations rule.

Fellowes also cites Vehicular Technologies, 212 F.3d at 1377, in which the Federal Circuit affirmed a district court finding of non-infringement of a patented double-spring assembly of a locking differential for use in automobiles by an accused product containing only a single spring and a plug. That case is distinguishable from the present case, though, in two important ways. First, the court in Vehicular Technologies had interpreted the claims and determined that the second spring in the patented device served a "key backup function." Id. at 1381-82 (internal

quotation marks omitted). The court emphasized that an accused device that did "not perform this central function could rarely, if ever, be considered to be insubstantially changed from the claimed invention." Id. at 1382. Fellowes argues that a central function of the '701 patent's invention -- a function that Fellowes's single-switch accused device does not share -- is the distribution of shredded scraps of different materials into separate bins by a switch plate activated by separate switches. (Fellowes's Reconsider Mem. at 16-17.) Here, the claims of the '701 patent have yet to be construed,[3] so an argument that the claim language should be read in a particular manner in light of the purpose of the invention as discussed in the specification is more appropriate for the scheduled Markman hearing. This is particularly so because claim 1 of the '701 patent does not claim a switch plate or separate bins such that having separate paper and disc touch switches to distribute shredded scraps into separate bins clearly would be a central function of the claim. Fellowes also argues that "the dual switches allow the invention to have dual inports which are configured to best accommodate a

---

[3] For purposes of summary judgment, Fellowes advanced a fair construction of the '701 patent claim language regarding touch switches to require actually being touched in order to activate the shredding function, and Michilin failed to oppose the proffered construction or offer any alternative one. See supra at 5.

specific type of material to be shredded." (Fellowes's Reconsider Mem. at 16.) In addition, Fellowes contends that separate paper and disc touch switches could act as back-ups to one another if one switch failed. (Id. at 17.) These arguments are also best left for the Markman hearing. However, while the '701 patent mentions differently oriented inports, Fellowes cites to no text in the '701 patent stating that a central function of separate paper and disc touch switches would be to allow for these angled inports to best accommodate specific materials to be shredded. Further, Fellowes concedes that no back-up function is mentioned in the '701 patent. (Id.)

Second, the patent in Vehicular Technologies claimed its invention using the term of art "consisting of," which means "I claim the following and nothing else." Id. at 1382-83. The Federal Circuit acknowledged that use of the phrase "consisting of" in a patent does not foreclose infringement under the doctrine of equivalents, but noted that the choice does emphasize a patent claim's specific limitation to a specific structure. See id. at 1383. Here, the '701 patent does not use "consisting of," but uses the term of art "comprising." "Comprising" as a patent term of art means "I claim at least the following," and so does not carry the same limiting emphasis the Federal Circuit discussed in Vehicular Technologies. See id. Because Vehicular

Technolgoies is distinguishable from the present case in two important ways, it does not control and does not compel a finding of non-infringement under the doctrine of equivalents based on the all-limitations rule.

In sum, Fellowes has not shown that the difference between its single optical switch and the paper touch switch and disc touch switch of at least claim 1 of the '701 patent is not insubstantial as a matter of law, or that a finding of equivalence would vitiate a claim of the '701 patent.  Therefore, Fellowes's motion to reconsider the March 7 Opinion will be denied.

III. CERTIFICATION TO THE FEDERAL CIRCUIT

The parties agreed at the March 29, 2006 hearing that if certification were to be appropriate, it would best be done after a Markman hearing was conducted.  Therefore, a ruling on this request is deferred until after the scheduled Markman hearing on July 26, 2006.

CONCLUSION AND ORDER

Because there are no disputed material facts and Fellowes is entitled to summary judgment as a matter of law regarding literal non-infringement, Fellowes's motion for summary judgment of literal non-infringement will be granted.  Because Fellowes has not shown that the all-limitations rule prevents a finding of

- 14 -

infringement under the doctrine of equivalents, the denial of Fellowes's motion for summary judgment of non-infringement based on the doctrine of equivalents will not be altered.  A ruling on Fellowes's request to certify questions to the Federal Circuit is deferred until after the <u>Markman</u> hearing.  Accordingly, it is hereby

ORDERED that Fellowes's motion [51] to reconsider the March 7 Opinion is GRANTED in part, DENIED in part and DEFERRED in part.

SIGNED this 1st day of May, 2006.

                                      /s/
                          RICHARD W. ROBERTS
                          United States District Judge