**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHILIN PROSPERITY COMPANY,**<br>**LTD.,**<br><br>        **Plaintiff,**<br><br>                **v.**<br><br>**FELLOWES MANUFACTURING**<br>**COMPANY,**<br><br>        **Defendant.** | **Civil Action No. 04-1025 (RWR/JMF)** |

**MEMORANDUM ORDER**

This case was referred to me for the resolution of discovery disputes.  There are presently

three pending discovery motions.  A hearing was held on May 22, 2006, and, after taking into

considering the arguments presented at that hearing and in the briefs filed with the Court, it is,

hereby, **ORDERED** that

1.    Defendant Fellowes Manufacturing Company's ("Fellowes") Expedited Motion to

        Compel Production of Documents and Things and to Shorten the Responsive

        Deadlines [#63] is **DENIED**.  The attorney for plaintiff Michilin Prosperity

        Company, Ltd. ("Michilin") represented in open court that the documents

        Fellowes seeks by its motion to compel do not exist.  Michilin's counsel is an

        officer of the court and I shall credit his representation.  Therefore, there is

        nothing for me to compel produced.  I warn Michilin, however, that if, during the

        course of the inventor's deposition, currently scheduled for May 24, 2006, it is

discovered that responsive documents do in fact exist, sanctions will be imposed.[1]

2.    Fellowes' <u>Second Expedited Motion to Compel Responses to Discovery and to</u>

<u>Shorten Responsive Deadlines and for a Brief Hearing on These Discovery Issues</u>

("Sec. Mot. to Compel") [#67] is **GRANTED in part** and **DENIED in part**.

a.    With regard to Fellowes' Requests for Admission, I find that Michilin's

objections were inappropriate.  Michilin responded to almost every request

with the following objection: "Objection, calls for a speculative legal

opinion." Sec. Mot. to Compel, Exh. C.  In essence, Michilin's objection

appears to be that (1) the requests call for legal opinions and (2) any such

legal opinions would be speculative because the Court has yet to rule on

those legal issues.  However, under Rule 36, requests relating to the

application of law to fact are permissible. Fed. R. Civ. P. 36(a).  After

reviewing Fellowes' requests, I find that they do not seek purely legal

opinions, but rather, the application of law to fact – indeed many just ask

about facts.  Moreover, under Rule 36, the responding may not object on

the ground that the request presents an issue for trial.  <u>Id.</u>  Therefore, it was

not proper for Michilin to object on the ground that the requested

application of law to fact is speculative.

b.    Michilin responded to four of Fellowes' requests for admission with the

following objection: "Vague and calls for speculation." Sec. Mot. to

---

[1] Because I have resolved Fellowes' motion to compel on the ground that the sought after documents do not exist, there is no need, at this time, to resolve the parties' dispute regarding the discoverability of "extrinsic evidence."

Compel, Exh. C.  I have reviewed these requests and find that they are not

vague.  Moreover, to the extent that the requests may call for factual

speculation, Michilin should have stated that it was unable to admit or

deny and then explained why it could not truthfully admit or deny the

request. See Fed. R. Civ. P. 36(a).  Due to the fact that the inventor's

deposition is scheduled for tomorrow and the parties are likely busy

preparing for that deposition, I will not compel Michilin to provide

answers to Fellowes' Requests for Admission at this time.  Instead, I will

allow Fellowes to pursue the substance of its requests at the deposition of

the inventor, if it sees fit, and, once the deposition is over, Fellowes will

be permitted to re-propound its requests.  Michilin shall have five days

thereafter to respond.

c.      With regard to Fellowes' claim construction interrogatory, I am not

persuaded by Michilin's argument that the articulation of its proposed

claim construction was intended by Judge Roberts to be reserved for the

Markman hearing opening briefs.  I see nothing on the face of Judge

Roberts' Supplemental Scheduling Order to suggest that Judge Roberts

intended for the parties' claim construction to be reserved exclusively for

their opening briefs in preparation of the Markman hearing.  Michilin's

claim construction is undeniably relevant and Fellowes' interrogatory

complies with Rule 33. See Whitserve LLC v. Computer Patent Annuities

N. Am., LLC, No. 04-1897, 2006 WL 1273740, *1-2 (D. Conn May 9,

2006) (granting motion to compel answers to claim construction

interrogatory before the date for filing claim construction briefs because

the opposing party's interpretation of patent claims is clearly relevant and

interrogatories asking for legal conclusions or opinions are permissible).

Accordingly, Michilin shall provide, prior to the inventor's deposition, an

answer to Fellowes' interrogatory, to the extent that the interrogatory asks

for Michilin's proposed claim construction.[2]  I note, however, that

Michilin's interrogatory answer will be subject to the understanding that

discovery is ongoing and that Michilin is required to supplement its

response if additional or contrary information becomes available. See Fed.

R. Civ. P. 26(e).

3.   Michilin's Motion for Leave to Take Deposition [#66] is **DENIED**.  Under Rule

30(b)(6), a party noticing a corporate deposition must describe with reasonable

particularity the matters on which examination is requested. Fed. R. Civ. P.

30(b)(6); Alexander v. Fed. Bureau of Investigation, 186 F.R.D. 137, 139 (D.D.C.

1998).  Michilin's deposition notice identified the subject matter of the

examination as the following: "The deponent(s) will be examined with respect to

the approximately 2,000 pages of documents produced by Fellowes by delivery to

Michilin's attorneys yesterday, May 15, 2006." Opposition to Michilin Prosperity

Company, LTD's Motion for Leave to Take Deposition, Exh. A.  I find that

---

[2] Fellowes' interrogatory also asks about the basis of Michilin's infringement allegations. However, Fellowes' attorney stated in open court and in his brief that Fellowes agreed to narrow the interrogatory to claim construction.

Michilin's notice failed to describe with reasonable particularity the matters on which examination was requested and, therefore, I will not grant Michilin leave to take the deposition.[3]

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated:

---

[3] Because I find that Michilin's deposition notice was insufficient, it is unnecessary to address the issue of whether the notice was timely served.