UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MICHILIN PROSPERITY CO.,            )
                                    )
          Plaintiff,                )
                                    )
     v.                             )  Civil Action No. 04-1025(RWR)(JMF)
                                    )
FELLOWES MANUFACTURING CO.,         )
                                    )
          Defendant.                )
                                    )
_____     )


MEMORANDUM OPINION AND ORDER

     Michilin Prosperity Co. ("Michilin") alleges that the

POWERSHRED PS70-2CD distributed by Fellowes Manufacturing Co.

("Fellowes") infringes United States Patent No. 6,550,701 ("the

'701 patent") under the doctrine of equivalents.  The parties

submitted claim interpretation memoranda, and a hearing was held

in accordance with Markman v. Westview, 517 U.S. 370 (1996), to

construe the disputed terms of the '701 patent claims.

Consistent with the patent claims, the specification and

extrinsic evidence where appropriate, "two inports" will be

construed to mean at least two inports, the orientation of the

"vertical channel walls" and "inclined, curved channel walls"

will be interpreted to be in relation to the plane of the roller

blades, "touch switch" will denote a switch that requires

physical contact in order to be activated, the "paper touch

switch" and "disc touch switch" will be construed as separate

- 2 -

switches that are located in different "appropriate locations,"
and the "single touch switch" of claim 4 will be construed as a
switch, in addition to the paper touch switch and disc touch
switch.

With the claims now construed, it is clear that the '701
patent discloses, but does not claim, a one-switch embodiment of
the claimed shredding invention, thereby dedicating that
embodiment to the public.  Because the one-switch embodiment has
been dedicated to the public, Michilin may not assert
infringement under the doctrine of equivalents for that
embodiment, and Fellowes's previous motion for summary judgment
of non-infringement under the doctrine of equivalents based on
the disclosure-dedication rule now will be granted.

                            BACKGROUND

The '701 patent claims as its invention a shredder with
inports for paper and media storage discs and a paper touch
switch and a disc touch switch to activate the shredding
function.  The patent contains four claims and claim 1 is the
sole independent claim, reciting a machine body, two inports (one
to receive paper, the other discs), a paper touch switch and a
disc touch switch, which each activate the shredding function
when something is inserted in its corresponding inport.  '701
patent, col. 4:52 – col. 6:15.  Fellowes's POWERSHRED PS70-2CD
has inports for paper and media storage discs and only a single

- 3 -

optical switch to activate the shredding function.  Michilin
alleges that the POWERSHRED PS70-2CD shredder infringes the '701
patent under the doctrine of equivalents.  Michilin and Fellowes
dispute the proper construction of seven claim terms of the '701
patent that require resolution in accordance with <u>Markman</u>.

Fellowes previously moved for summary judgment of non-
infringement under the doctrine of equivalents based on the
disclosed-but-not-claimed rule, also known as the disclosure-
dedication rule, and that motion was denied.[1]

DISCUSSION

In construing patent claims, a court must start with the
claim language and consider it in light of the specification and
prosecution history, and if necessary use extrinsic evidence,
such as inventor testimony, to clarify any remaining ambiguity.
<u>Searfoss v. Pioneer Consol. Corp.</u>, 374 F.3d 1142, 1149 (Fed. Cir.
2004); <u>Biogen, Inc. v. Berlax Labs., Inc.</u>, 318 F.3d 1132, 1140
(Fed. Cir. 2003); <u>Interactive Gift Express, Inc. v. Compuserve,
Inc.</u>, 256 F.3d 1323, 1332 (Fed. Cir. 2001); <u>see also</u> <u>Phillips v.
AWH Corp.</u>, 415 F.3d 1303, 1312-19 (Fed. Cir. 2005).

---

[1] Fellowes also moved for summary judgment of non-literal
infringement and of non-infringement under the doctrine of
equivalents based on the all limitations rule.  Fellowes's motion
for summary judgment of non-literal infringement was granted, but
its motion based on the all limitations rule was denied.  <u>See</u>
<u>Michilin Prosperity Co. v. Fellowes Mfg. Co.</u>, 422 F. Supp. 2d 86,
93 (D.D.C. 2006) ("<u>Michilin I</u>"); <u>Michilin Prosperity Co. v.
Fellowes Mfg. Co.</u>, 433 F. Supp. 2d 10, 12-13 (D.D.C. 2006)
("<u>Michilin II</u>").

- 4 -

I.   CLAIM CONSTRUCTION OF THE DISPUTED TERMS

     A.   "Two Inports"

     The '701 patent claims "two inports on an upper lid thereof"
to receive the paper and optical discs to be shredded.  The
parties agree that "two inports" means the invention possesses
two inports, but Fellowes argues that the '701 patent claims two
or more inports, while Michilin contends that the patent claims
two, and only two, inports.  (See Michilin's Resp. Brief at 9-10;
Fellowes's Opening Brief at 13-14.)

     The '701 patent uses the term of art "comprising" to claim
all of the elements, including the "two inports," of the
invention, meaning that the claimed elements are essential, "but
other elements may be added and still form a construct within the
scope of the claim."  Genentech, Inc. v. Chiron Corp., 112 F.3d
495, 501 (Fed. Cir. 1997); '701 patent, col. 4:54.  Therefore,
the '701 patent claims an invention with at least two inports.

     B.   "Vertical channel walls" of the disc inport and
          "inclined, curved channel walls" of the paper inport

     The '701 patent recites a paper inport with "inclined,
curved channel walls" and a disc inport with "vertical channel
walls."  '701 patent, col 4:61-63.  Fellowes argues that the
orientation of the channel walls leading from the inports should
be construed as relative to the plane of the roller blades, while
Michilin maintains that the orientation of the channel walls

should be relative to the machine itself.  (See Fellowes's Opening Brief at 17-19; Michilin's Resp. Brief at 10-11.)

Here, the claim language provides no guidance on the plane in relation to which the channel walls must be vertical or inclined.  Further, the specification does not resolve the parties' disagreement because it supports each interpretation equally since the plane of the roller blades and the machine are parallel in the drawings of the invention provided in the patent specification.  '701 patent, Figs. 1-3.  No prosecution history exists on the vertical or inclined nature of the respective channel walls.  Because the terms remain ambiguous after looking at the claim language, the specification and the prosecution history, extrinsic evidence may be considered.  See Interactive Gift Express, 256 F.3d at 1332 ("Relying on extrinsic evidence to construe a claim is proper only when the claim language remains genuinely ambiguous after consideration of the intrinsic evidence.").

Frank Chang, the inventor of the '701 patent, explained in his deposition that aligning the disc inport walls at right angles to the roller blades reduces the chances the disc will be ejected during the shredding process.  (See Fellowes's Opening Brief at 18; see also id., Ex. G, Chang Dep. at 60:6-11, May 24, 2006 ("One is vertical.  The other is at an angle.  And they go in to meet a pair of blades.  Why do I have to go that angle?

It's because if I put a disc or CD from this angle, it will jump
out.").)  Having the disc inport vertical with respect to the
roller blades to prevent the disc from jumping out during the
shredding process is significant because disposing of optical
discs is one of the problems the '701 patent set out to solve.
(See Michilin's Opening Brief at 1.)  See '701 patent col. 1:36-
59.  This extrinsic evidence makes clear that the orientation of
both the "vertical channel walls" of the disc inport and the
"inclined, curved channel walls" of the paper inport is in
relation to the plane of the roller blades.

    C.   "Touch switch"

    The invention of the '701 patent activates its shredding
function using a "touch switch."  Fellowes maintains that the
term "touch switch" should be construed to mean a switch that
requires physical contact in order to be activated.  (See
Fellowes's Opening Brief at 20.)  Michilin, however, contends
that the term "touch switch" means "touch switch, or any other
kind of switch."  (Michilin's Opening Brief at 10.)

    Michilin conceded that "the conventional definition of a
'touch switch' means a switch that must be physically touched to
be activated" (Fellowes's Opening Brief, Ex. H, Michilin's
Repsonse to Fellowes's Requests for Admissions at 4), and now
cites no alternative definition of touch switch offered in the
'701 patent.  This matter, then, is conclusively established

pursuant to Federal Rule of Civil Procedure 36(b).  Fed. R. Civ.
P. 36(b) ("Any matter admitted under this rule is conclusively
established unless the court on motion permits withdrawal or
amendment of the issue.").  Moreover, Michilin did not contest at
the supplemental scheduling conference held on March 29, 2006
that a touch switch requires physical contact, and Michilin II
granted Fellowes's request for summary judgment of literal non-
infringement.  Id., 433 F. Supp. 2d at 12-13.  Michilin cannot
now revive an argument it opted to waive.  In any case, the
ordinary meaning of touch switch requires the switch to be
physically touched.  The claim language is clear and unambiguous.
 "Touch switch" means a switch that requires physical contact in
order to be activated.

   D.   "Paper touch switch and disc touch switch" and
        "appropriate location"

   The '701 patent recites a paper touch switch and a disc
touch switch to be placed at appropriate locations between the
inports and the roller blades.  '701 patent, col. 5:1-5.
Fellowes contends that the paper touch switch and disc touch
switch should be construed to mean two separate switches located
at separate appropriate locations along the inport passageways.
(See Fellowes's Opening Brief at 25-27; Fellowes's Reply Brief
at 12.)  Michilin argues that these terms should be construed to
mean that there may be one or two switches; that if there are two
switches, they must be in different locations; but if there is

- 8 -

one switch, it can be in its own appropriate location.  (<u>See</u>
Michilin's Resp. Brief at 13.)

Claim 1 of the '701 patent plainly states two separate
switches -- one paper and one disc -- to be placed in different
locations:  the paper touch switch between the paper inport and
the roller blades, the disc touch switch between the disc inport
and the roller blades.  '701 patent, col. 5:1-5.  While Michilin
correctly observes that the specification details a one-switch
embodiment, that disclosure cannot undo the fact that Claim 1
delineates two switches.  <u>Searfoss</u>, 374 F.3d at 1149 ("[T]he
claim construction inquiry . . . begins and ends in all cases
with the actual words of the claim.").  Because the claims state
two separate switches, the appropriate locations must also be
separate.

    E.   <u>Claim 4's "single touch switch"</u>

Claim 4 of the '701 patent recites a claim dependent on
claim 1, but also recites a "single touch switch . . . provided
between the roller blades such that regardless of the type of
substance being fed by a user, the paper, disc, or credit cards
can all touch the touch switch so as to activate the roller
blades."  '701 patent, col. 6:8-14.  Michilin believes claim 4's
reference to a "single touch switch" means that claim 4 states a
single-switch embodiment of the invention, relying on the fact
that the specification discloses a one-switch embodiment and says

- 9 -

the invention can be reduced to one switch in order to save costs.  Michilin makes this assertion in the face of admitting that claim 4 is dependent on claim 1, which recites two switches. (See Michilin's Resp. Brief at 14.)  Fellowes argues that the "single touch switch" in claim 4 should be construed as "a third touch switch in addition to the paper touch switch and the disc touch switch."  (Fellowes's Opening Brief at 30-31.)  Fellowes relies largely on the fact that claim 4 is dependent on claim 1, and therefore, must incorporate all of the limitation of claim 1 in addition to any additional elements claimed.  (Id.)  See 35 U.S.C. § 112, ¶ 4 ("A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers.")

A dependent claim must be construed to incorporate all of the limitations of the independent claim with which it is associated.  35 U.S.C. § 112, ¶ 4.  Claim 1 recites two switches, and claim 4 recites an additional "single switch."  Claim 4's single switch, then, must be construed as a switch in addition to the paper touch switch and disc touch switch.  Any other result would amount to redrafting Michilin's claims, a power this court lacks.  See Chef America Inc. v. Lamb-Weston Inc., 358 F.3d 1371, 1374 (Fed. Cir. 2004).

- 10 -

II.  RECONSIDERATION OF DENIAL OF SUMMARY JUDGMENT BASED ON
     DISCLOSURE-DEDICATION RULE

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Under the disclosure-dedication rule, "when a patent drafter discloses [in the specification] but declines to claim subject matter . . . this action dedicates that unclaimed subject matter to the public," and the subject matter cannot be found to be an infringing equivalent as a matter of law.  Johnson & Johnston Assocs. Inc. v. R.E. Service Co., 285 F.3d 1046, 1054-55 (Fed. Cir. 2002).  "[I]ntent is not a part of the Johnson & Johnston disclosure-dedication analysis."  Toro Co. v. White Consolidated Indus., 383 F.3d 1326, 1333 (Fed. Cir. 2004).

Michilin asserts infringement by Fellowes's single, optical switch shredder under only the doctrine of equivalents.  Fellowes previously moved for summary judgment of non-infringement based on the disclosure-dedication rule.  The motion was denied on the ground that the single-switch embodiment of the shredder claimed in the '701 patent had not been dedicated to the public because "Michilin sought to claim the alleged equivalent subject matter, a one switch embodiment of its shredding machine, in claim 4 of the '701 patent."  See Michilin I, 422 F. Supp. 2d at 93-94.

- 11 -

With the claims of the '701 patent now having been construed, it
is clear that the '701 patent discloses, but does not claim a
single-switch shredder.  It is equally evident, then, that
Fellowes's motion for summary judgment of non-infringement under
the disclosure-dedication rule should now be granted.[2]

The '701 patent plainly discloses a one-switch shredder.
'701 patent, col. 4:30-44 ("[I]n consideration of reduction of
manufacturing cost and in response to the market demands, the
number of touch switches in this invention may be reduced to
one . . . .").  As is discussed above, claim 1, the sole
independent claim of the '701 patent, recites both a paper touch
switch and a disc touch switch.  Because all the remaining claims
must inherit the paper touch switch and disc touch switch, no
single-switch embodiment is claimed.  Though the patent drafter
may have intended claim 4 to cover the disclosed single-switch
embodiment, claim 4 recites a paper touch switch, a disc touch
switch and an additional "single switch."  In Toro, a patent
holder argued that because it did not intend to leave the
allegedly infringing structure unclaimed, the disclosure-
dedication rule did not apply and the patent holder should be
allowed to assert infringement under the doctrine of equivalents.

---

[2] "[I]t is well established that a district court has the
inherent power to reconsider interlocutory orders and reopen any
part of a case before entry of final judgment."  See United
States v. Rezaq, 899 F. Supp. 697, 701 (D.D.C. 1995).

- 12 -

383 F.3d at 1332.  The Federal Circuit disagreed and held that

"intent is not a factor in applying the disclosure-dedication

rule, [and a patent holder] cannot prevail as a matter of law on

its argument that it did not decline to claim or deliberately

leave unclaimed" the allegedly infringing structure or

embodiment.  Id. at 1333.  Michilin cannot escape the holding of

Toro.  Notwithstanding the apparent, but unsuccessful, attempt to

claim a one-switch shredder, the '701 patent dedicated that

embodiment to the public, and Michilin may not assert

infringement under the doctrine of equivalents for that

embodiment.  No genuine issue of material fact remains, and

Fellowes is entitled to summary judgment of non-infringement

under the doctrine of equivalents.[3]

### CONCLUSION AND ORDER

    Based on the patent claims, the specification and extrinsic

evidence where appropriate, "two inports" means at least two

inports, the orientation of the "vertical channel walls" and

"inclined, curved channel walls" is in relation to the plane of

the roller blades, "touch switch" means a switch that requires

physical contact in order to be activated, the "paper touch

---

[3] Because Michilin dedicated the one-switch shredder to the
public and Fellowes has been granted summary judgment of non-
infringement under the doctrine of equivalents, Fellowes's
request that questions concerning infringement under the doctrine
of equivalents of the '701 patent by a one-switch shredder be
certified to the Federal Circuit is now moot.

- 13 -

switch" and "disc touch switch" denote separate switches that are
located in different "appropriate locations," and the "single
touch switch" of claim 4 is a switch, in addition to the paper
touch switch and disc touch switch.  Further, because the '701
patent construed in accord with <u>Markman v. Westview</u> discloses,
but does not claim, a one-switch embodiment of the claimed
shredding invention, that embodiment has been dedicated to the
public.  Accordingly, Michilin may not assert a theory of
infringement under the doctrine of equivalents against Fellowes's
single-switch POWERSHRED PS70-2CD, and Fellowes's motion for
summary judgment of non-infringement under the doctrine of
equivalents based on the disclosure-dedication rule now will be
granted.  Accordingly, it is hereby

ORDERED that Fellowes's motion [15] for summary judgment of
non-infringement under the doctrine of equivalents be, and hereby
is, GRANTED and that portion of the Order signed on March 7, 2006
denying this motion is VACATED.  It is further

ORDERED that Fellowes's motion [74] to expedite the briefing
schedule on its third motion [73] to compel and for sanctions be,
and hereby is, DENIED as moot.  It is further

ORDERED that Fellowes's motions [75, 91] for leave to file
exhibits under seal in support of its third motion [73] to compel
and for sanctions be, and hereby are, GRANTED.  It is further

- 14 -

ORDERED that Michilin's motion [76] be, and hereby is, DENIED IN PART insofar as it seeks to preclude discovery of extrinsic evidence and exclude extrinsic evidence from the Markman hearing.[4]  It is further

ORDERED that Michilin's motion [102] in limine to exclude consideration of certain extrinsic evidence for the purposes of claim construction be, and hereby is, DENIED.  It is further

ORDERED that the parties file a joint status report on or before September 8, 2006 with any proposals about amending the supplemental scheduling order and any other proposals about how the case now should proceed.

SIGNED this 30th day of August, 2006.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge

_____

[4] Michilin styled motion [76] as a motion for reconsideration of the magistrate judge's order [71] on the parties' discovery motions, but Michilin's motion was in substance a request that any extrinsic evidence be excluded from discovery or consideration for the purposes of the Markman hearing and claim construction.