## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ───────────────────────── ) | | |
| MICHILIN PROSPERITY CO., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil Action No. 04-1025 (RWR) | |
| ) | | |
| FELLOWES MANUFACTURING CO., ) | | |
| ) | | |
| Defendant. ) | | |
| ───────────────────────── ) | | |

### MEMORANDUM ORDER

Michilin Prosperity Co. ("Michilin") alleges that the POWERSHRED PS70-2CD distributed by Fellowes Manufacturing Co. ("Fellowes") infringes Michilin's United States Patent No. 6,550,701 ("the '701 patent") under the doctrine of equivalents. The '701 patent claims as its invention a shredder with inports for paper and media storage discs and a paper touch switch and disc touch switch to activate the shredding function. Fellowes's POWERSHRED PS70-2CD is a shredder containing inports for paper and media storage discs and a single optical switch to activate the shredding function. Following a Markman hearing, a Memorandum Opinion and Order was issued on August 30, 2006 ("August 30 Opinion") construing the disputed claims of the '701 patent and granting Fellowes summary judgment of non-infringement under the doctrine of equivalents based on the disclosure-dedication rule because the '701 patent disclosed, but did not

- 2 -

claim, a single-switch shredder with inports for paper and media
storage discs.  The August 30 Opinion also specifically held that
the "touch switch" of the '701 patent required the switch to be
physically contacted in order to activate the shredding function.
Michilin now moves for reconsideration of the August 30 Opinion,
largely rehashing its claim construction arguments that were
rejected in the August 30 Opinion, with three exceptions that
warrant a brief discussion.[1]

First, Michilin argues that some of the disputed terms of
the '701 patent that were construed in the August 30 Opinion are
irrelevant to this litigation, and that the corresponding
portions of the opinion construing these terms should be vacated.
(See Mot. to Amend J. at 12-15.)  This request is not justified.
The parties jointly presented a list of seven terms that
"require[d] this Court's" construction, and each side presented
proposed constructions of these terms and presented argument
regarding these terms at the Markman hearing.  (See Joint Notice
[100] Regarding Markman Proceeding, July 20, 2006.)  Michilin
cannot now claim, after litigating these issues, that the seven
terms were not in dispute and appropriate for claim construction.

---

[1] Michilin's rehashed arguments concerning claim
construction provide no justification for reconsidering the
August 30 Opinion.  See Black v. Tomlinson, 235 F.R.D. 532, 534
(D.D.C. 2006) (noting that "motions for reconsideration are not
'a second opportunity to present argument upon which the Court
has already ruled[.]'") (quoting W.C. & A.N. Miller Cos. v.
United States, 173 F.R.D. 1, 3 (D.D.C. 1997)).

- 3 -

Next, Michilin correctly notes that contrary to the
suggestion of the August 30 Opinion that Michilin had put forth
no alternative definition of "touch switch," it did offer an
alternative, namely that "touch" should mean "affect" such that a
touch switch is any switch that detects material and actuates the
roller blades.  (See Mot. to Amend J. at 15-16.)  However, as the
August 30 Opinion explains, Michilin waived this issue.  In any
event, such an expansive, and frankly imaginative, definition of
the word "touch" belies the word's plain meaning and any
reasonable interpretation of the word by one of ordinary skill in
the art.  "Touch switch" in the '701 patent means a switch that
requires physical contact in order to be activated, and
reconsideration of this construction is unwarranted.

Finally, Michilin argues that application of the disclosure-
dedication rule is foreclosed in this case because the rule
cannot be applied before the expiration of the two-year period to
file a broadening reissue, and Michilin filed a reissue with the
Patent Office.  (See Mot. to Amend J. at 11.)  This argument is
meritless.  Michilin cites no authority for its interpretation of
the disclosure-dedication rule, and Johnson & Johnston Assocs.
Inc. v. R.E. Service Co., Inc., 285 F.3d 1046 (Fed. Cir. 2002),
the Federal Circuit's seminal case on the disclosure-dedication
rule, places no such limitation on the rule.  In fact, Johnson &
Johnston acknowledges the right of a patent holder to file a

- 4 -

broadening reissue, but makes no mention of a patent holder being able to preclude the application of the disclosure-dedication rule by simply filing for a broadening reissue.  The Federal Circuit stated only that "when a patent drafter discloses but declines to claim subject matter, as in this case, this action dedicates that unclaimed subject matter to the public."  285 F.3d at 1054.  Further, the Federal Circuit has explained that "'[e]very day that passes after the issue of the patent adds to the strength of [the public's right to use unclaimed matter], and increases the barrier against subsequent expansion of the claim by reissue under a pretense of inadvertence and mistake.'  The patentee, rather than the public, must bear the burden of inadvertent errors in the patent -- including inadvertent dedications."  PSC Computer Prods., Inc. v. Foxconn Intern., Inc., 355 F.3d 1353, 1361 (Fed. Cir. 2004) (quoting Mahn v. Harwood, 112 U.S. 354, 361 (1884)).

Because Michilin's arguments that the August 30 Opinion should be reconsidered are without merit, it is hereby

ORDERED that Michilin's motion [109] for reconsideration be, and hereby is, DENIED.

SIGNED this 7th day of November, 2006.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge